James C. Shah (SBN 260435)
Email: jcshah@millershah.com
Kolin C. Tang (SBN 279834)
Email: kctang@millershah.com
MILLER SHAH LLP
8730 Wilshire Boulevard, Suite 400
Beverly Hills, California 90211
Telephone: (866) 540-5505
Facsimile: (866) 300-7367

Christopher E. Roberts (SBN 363586)
Email: CRoberts@butschroberts.com
**BUTSCH ROBERTS & ASSOCIATES LLC**
7777 Bonhomme Avenue, Suite 1300
Clayton, Missouri 63105
Telephone: (314) 863-5700

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| POONAM SUBBAIAH,<br><br>Plaintiff,<br><br>v.<br><br>CONNEXUM, LLC and JOHN DOES 1-5,<br><br>Defendant. | Case No. 8:26-cv-00417<br><br>**DECLARATION OF CHRISTOPHER E. ROBERTS IN SUPPORT OF PLAINTIFF'S INITIAL RESPONSE TO ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF PROSECUTION** |

I, Christopher E. Roberts, declare as follows:

1.     I am a partner of Butsch Roberts & Associates, LLC, one of the attorneys for Plaintiff in the above-captioned action. I have personal knowledge of the matters set forth in this declaration and, if called to testify to them, would be competent to do so.

2.     I submit this declaration in support of Plaintiff's Initial Response to the Court's Order to Show Cause re: Dismissal for Lack of Prosecution.

3.     I sincerely apologize to the Court for not previously advising the Court of the developments set forth in this declaration.

4.     Defendant Connexum, LLC ("Connexum") was served, and the deadline by which Connexum was to serve an answer was on March 20, 2026.

5.     Two days before the deadline, on Wednesday, March 18, 2026, I was forwarded a voicemail by my co-counsel Kolin Tang. The voicemail Mr. Tang received and forwarded was from Nate Dawood who advised he was calling from Connexum. Mr. Dawood advised he received a copy of the lawsuit that had been filed. *Id.* Mr. Dawood further advised that he wanted to discuss resolving the matter before incurring the expense of retaining counsel. *Id.* Mr. Dawood left his phone number at which he could be contacted. *Id.*

6.     That same day, on March 18, 2026, I called Mr. Dawood back at the phone number he provided and discussed the case. Mr. Dawood advised he was calling from Connexum and was interested in seeing if the parties could resolve the case before Connexum incurred the expense of retaining counsel to defend the case. As part of the discussions about exploring any prospects of a potential resolution, I agreed to provide Connexum an additional fourteen (14) days to respond to the Complaint, i.e., until April 3, 2026, to give the parties time to explore any possibility of any resolution. *Id.*

7.     Part of the reason I agreed to an additional 14 days, as opposed to a

shorter period, was because I was leaving the country later that week and would be out of the country most of the following week. I am currently still outside the country, but given the Court's order, I wanted to respond as quickly as possible.

8. I provided Mr. Dawood my e-mail address. Mr. Dawood e-mailed me to confirm the two-week extension. Mr. Dawood's signature block identified him as the "Loss Mitigation Officer for Connexum." I then confirmed the agreement in response to Mr. Dawood's email.

9. Again, I sincerely apologize to the Court for not advising the Court earlier as to my discussion with Mr. Dawood. I was exploring if there was any possibility of an early-stage resolution for purposes of judicial economy and to potentially conserve resources for the parties.

10. I e-mailed Mr. Dawood early this morning and advised him of the Court's Show Cause Order which appeared on the docket late yesterday. I advised Mr. Dawood that I would advise the Court of the agreement to extend the deadline for Connexum to respond by 14 days, until April 3. I further informed Mr. Dawood that if this extension of time is not acceptable to the Court, and/or we do not hear from the Court before March 30, 2026, to protect Plaintiff's rights and interests, Plaintiff will move for default on March 30, 2026. I further informed Mr. Dawood that the most straight forward solution would be for Connexum to retain counsel and file a stipulation for an extension of time.

11. Again, I have no objection to providing Connexum until April 3, 2026, to respond to the Complaint. The purpose of this extension is not unnecessarily delaying the case or for a lack of diligence in prosecuting the case. Rather, the purpose of the extension is to litigate the case as efficiently as possible, to see if there is any possibility of an early-stage resolution of this matter.

As provided by 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  March 25, 2026

/s/ *Christopher E. Roberts*
Christopher E. Roberts